IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-279-FL-2
NO. 5:16-CV-795-FL

| | | |
|---|---|---|
| ERICKA CIARA McCLARIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 324), which challenges petitioner's conviction for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 576 U.S. 591 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss (DE 362) and to stay (DE 380), which were briefed fully. For the reasons that follow, petitioner's motion to vacate is granted, and respondent's motions to dismiss and to stay are denied. Petitioner's § 924(c) conviction is vacated, and her term of supervised release is reduced to time served.

**BACKGROUND**

On November 15, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (count thirteen). The court sentenced petitioner to 25 months' imprisonment on count one and a

consecutive term of 84 months' imprisonment on count thirteen, producing an aggregate custodial sentence of 109 months' imprisonment. Defendant also was sentenced to three years' supervised release on count three and a concurrent term of five years' supervised release on count thirteen. On December 6, 2012, the court reduced the custodial sentence to 13 months' imprisonment on count one and 84 months' imprisonment on count thirteen, but left the terms of supervised release intact.

On June 13, 2016, petitioner filed the instant motion to vacate her conviction and sentence on count thirteen pursuant to 28 U.S.C. § 2255. Petitioner alleges the predicate crime supporting her § 924(c) conviction – attempted Hobbs Act robbery – no longer qualifies as a crime of violence under the statute. The motion was stayed for several years pending resolution of certain cases in the Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit. On June 25, 2018, while the motion remained stayed, petitioner was released from custody and began serving her term of supervised release.

On February 6, 2020, respondent filed the instant motion to dismiss the petition, arguing that petitioner's predicate offense remains a valid crime of violence under United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). Respondent further argues that petitioner's claim is procedurally defaulted. On February 19, 2020, petitioner responded to the motion to dismiss, and, at that time, acknowledged that Mathis "forecloses" relief on her claim.

On January 27, 2021, the court directed the parties to file supplemental briefing addressing whether United States v. Taylor, 979 F.3d 203 (4th Cir. 2020), requires vacatur of respondent's conviction and sentence on count thirteen. The parties timely filed their supplemental briefs. Petitioner now argues that Taylor requires vacatur of her conviction on count thirteen,

notwithstanding Mathis. On March 18, 2021, respondent moved to stay this action pending resolution of the government's petition for writ of certiorari in Taylor. Petitioner responded in opposition to the motion to stay on March 23, 2021.

## COURT'S DISCUSSION

A.    Motion to Stay

The court begins with respondent's motion to stay consideration of the instant motions pending resolution the petition for certiorari filed in Taylor. The court declines to stay this action where petitioner has been released from custody and has nearly completed her term of supervised release. See Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/; (see also DE 273). In this procedural posture, further delay likely will moot petitioner's claim. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); Alston v. Adams, 178 F. App'x 295, 296 (4th Cir. 2016).

B.    Motion to Vacate

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of seven years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The

sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

The Supreme Court has held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. United States v. Davis, 139 S. Ct. 2319, 2336 (2019); see also United States v. Simms, 914 F.3d 229, 237 (4th Cir. 2019). The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2. (DE 1 at 9). The Fourth Circuit has held that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)'s force clause. Taylor, 979 F.3d at 210. Accordingly, under current binding precedent, petitioner's § 924(c) conviction and sentence are illegal.

Respondent acknowledges Taylor renders petitioner's conviction on count thirteen invalid. (See DE 378 at n.1). Respondent, however, argues that petitioner's claim is barred by the appellate waiver in the plea agreement, and, alternatively, that the claim is procedurally defaulted.

The court begins with respondent's procedural default argument. Where a petitioner fails to raise an issue on direct appeal, she is said to have procedurally defaulted on that issue, meaning that "the claim may be raised in [a collateral attack] only if the defendant can first demonstrate either cause and actual prejudice, or that [s]he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998). In order to show "cause" for a procedural default, a movant must demonstrate that some objective factor external to the record impeded [her] counsel's efforts to raise the claim. Murray v. Carrier, 477 U.S. 478, 492 (1986); Turner v. Jabe, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Murray, 477 U.S. at 488).

Here, petitioner's claim was not reasonably available to her counsel when she was sentenced, and she therefore has established cause for her procedural default. See Reed v. Ross, 468 U.S. 1, 16 (1984) (discussing novelty exception to procedural default rule and explaining circumstances under which an argument was not reasonably available to counsel); United States v. Bennerman, 785 F. App'x 958, 963 (4th Cir. 2019) (holding defendant established cause for procedural default where claim premised on vagueness challenge to § 924(c) was not available to counsel at the time of direct appeal); see also Lassend v. United States, 898 F.3d 115, 122-23 (1st Cir. 2018); Cross v. United States, 892 F.3d 288, 294-96 (7th Cir. 2018); United States v. Snyder, 871 F.3d 1122, 1127 (10th Cir. 2017); United Sates v. Jimenez-Segura, 476 F. Supp. 3d 326, 334-

5

37 (E.D.V.A. 2020). An unconstitutional conviction and erroneous mandatory minimum punishment also are sufficient to establish prejudice, even where, as here, the petitioner could have received the same sentence if resentenced under the remaining counts. See United States v. Wheeler, 886 F.3d 415, 433 (4th Cir. 2018) (holding erroneous mandatory minimum presents "an error sufficiently grave to be deemed a fundamental defect" that results in a complete miscarriage of justice even if defendant was sentenced below the statutory maximum); United States v. Adams, 814 F.3d 178, 181 n.1 (4th Cir. 2016) (emphasizing collateral consequences and monetary punishments unique to vacated conviction); cf. Ball v. United States, 470 U.S. 856, 864-65 (1985) ("The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored."). Petitioner therefore has established cause and prejudice to excuse her procedural default.

Respondent also argues petitioner's claim is barred by the collateral attack waiver in the plea agreement. Under the terms of plea agreement, petitioner waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except[] . . . based upon grounds of ineffective assistance of counsel not known to the defendant at the time of the defendant's guilty plea." (DE 49 ¶ 2(c)). Petitioner argues that the challenge presented here falls outside the scope of the waiver.

A collateral attack waiver "does not preclude a defendant" from raising certain challenges that by operation of law fall outside the scope of the waiver. See United States v. Cornette, 932 F.3d 204, 209 (4th Cir. 2019); see also Garza v. Idaho, 139 S. Ct. 738, 745 & n.6 (2019). As relevant here, the collateral attack waiver does not extend to sentences that were "beyond the

6

authority of the district court to impose." See United States v. Beck, 957 F.3d 440, 445 (4th Cir. 2020); United States v. Thornsbury, 670 F.3d 532, 539 (4th Cir. 2012).

Here, the conviction on count thirteen is unconstitutional and the court was without authority to impose a sentence on that count. See Cornette, 923 F.3d at 209 (explaining that all sentences imposed under the Armed Career Criminal Act's residual clause are unconstitutional). Petitioner's challenge to her § 924(c) conviction therefore falls outside the scope of the collateral attack waiver. See Beck, 957 F.3d at 445 (holding challenge to conviction fell outside the scope of appellate waiver where petitioner argued the district court lacked statutory authority to convict him of the offense); see also Thornsbury, 670 F.3d at 539; cf. Cornette, 923 F.3d at 210 (explaining claim challenging "a punishment that the law cannot impose" falls outside the scope of the collateral attack waiver); United States v. Sweeney, 833 F. App'x 395, 396-97 (4th Cir. 2021) (declining to enforce plea waiver where petitioner challenged his § 924(c) conviction on the basis of Davis, Simms, and Taylor on different grounds).[1]

Finally, the court turns to the issue of the appropriate remedy. Section 2255 "confers a 'broad and flexible' power to the district courts to 'fashion an appropriate remedy.'" United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997) (quoting United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992)). The remedies available under § 2255 include: 1) discharge from imprisonment; 2) resentencing; 3) granting a new trial; or 4) correcting the sentence. 28 U.S.C.

---

[1] Respondent argues that petitioner's claim is barred by the collateral attack waiver where the aggregate sentence remains within the statutory maximum sentence for count one, and thus petitioner was not sentenced above the aggregate statutory maximum in this case. See Cornette 923 F.3d at 209-210 (holding challenge to sentence above statutory maximum falls outside the scope of the appellate waiver). This argument is irrelevant for the reasons set forth above. The court was without authority to enter a judgment of conviction on count thirteen in the first instance, and also lacked authority to impose any sentence on that count. Accordingly, petitioner's challenge falls outside the scope of the waiver regardless of whether the aggregate sentence imposed is within the statutory maximum for the remaining count. See Beck, 957 F.3d at 445; Thornsbury, 670 F.3d at 539.

§ 2255(b); see also United States v. Hadden, 475 F.3d 652, 667 (4th Cir. 2007). The court may correct the sentence without conducting a plenary resentencing hearing. Hadden, 475 F.3d at 658-59.

Here, the court will correct the judgment of conviction to reflect vacatur of count thirteen and reduce the term of supervised release to time served without holding a resentencing hearing. Petitioner has completed her term of imprisonment, and, by the court's calculation, she has served approximately three years of her five-year term of supervised release. (See DE 368 (indicating petitioner's term of supervised release commenced on June 25, 2018)). With respect to the only remaining count, conspiracy to commit Hobbs Act robbery, the maximum term of supervised release is three years. See 18 U.S.C. § 3583(b)(2). By the time any proposed resentencing occurs, petitioner will have served that entire term. The court therefore declines to order full resentencing on these particular facts.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate (DE 324) is GRANTED. The amended judgment of conviction dated July 22, 2013, is corrected to reflect that the conviction in count thirteen is VACATED and the terms of imprisonment and supervised release are reduced to time served. Except as expressly modified herein, all terms of said amended judgment of conviction remain in effect. The court ORDERS that petitioner's term of supervised release shall immediately terminate upon entry of this order. Respondent's motions to dismiss (DE 362) and to stay (DE 380) are DENIED.

SO ORDERED, this the 20th day of May, 2021.

                                         LOUISE W. FLANAGAN
                                         United States District Judge